IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHEN R. WINN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 16-977-GMS |
| ) | |
| DANA METZGER, Warden, ) | |
| and ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| Respondents. ) | |

## MEMORANDUM

**I.    BACKGROUND**

In February 2002, a Delaware Superior Court jury convicted petitioner Stephen Winn of first degree rape, first degree kidnaping, second degree assault, terroristic threatening, and criminal contempt. He was sentenced to 47 years in prison. *See Winn v. Phelps,* 2009 WL 363906, at *1 (D. Del. Feb. 13, 2009). The Delaware Supreme Court affirmed his convictions and sentence on direct appeal. *Id.*

In February 2009, this court denied Winn's first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after determining that his claims for relief were either meritless or procedurally barred. *See Winn v. Phelps,* 2009 WL 363906 (D. Del. Feb. 13, 2009). Thereafter, in 2010, Winn filed another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which the court dismissed for lack of jurisdiction because it constituted an unauthorized second or successive habeas petition. *See Winn v. Phelps,* Civ. A. No. 10-508-GMS, Order (D. Del. July 7, 2010). The Third Circuit affirmed that decision. *See Winn v. State,* C.A. No. 10-3321, Order (3d Cir. Dec. 9, 2010).

In 2016, Winn filed the habeas petition presently pending before the court, which

challenges his 2002 convictions. (D.I. 1) He filed a motion to amend the petition in May 2017. (D.I. 5)

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). Notably, a habeas petition is not considered second or successive simply because it follows a prior petition. *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

After reviewing the record, the court concludes that Winn has filed another second or successive habeas petition under 28 U.S.C. § 2244. The denial of Winn's first petition was an adjudication on the merits for the purposes of 28 U.S.C. § 2244(b), and the instant petition challenges the same 2002 convictions and asserts a claim that either was or could have been asserted in his first petition. *See Murray v. Greiner*, 394 F.3d 78, 80 (2d Cir. 2005); *Benchoff*, 404 F.3d at 817-18.

The record reveals that Winn did not obtain permission from the Third Circuit Court of Appeals before filing his pending habeas request. In addition, since nothing in the instant

petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2), the court concludes that it would not be in the interest of justice to transfer this case to the Court of Appeals for the Third Circuit. Accordingly, the court will dismiss the instant unauthorized second or successive petition for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

### III.  CONCLUSION

For the aforementioned reasons, the court will deny Winn's § 2254 petition for lack of jurisdiction. Having determined to dismiss the petition, the court will dismiss as moot Winn's motion to amend the petition. (D.I. 5) The court also declines to issue a certificate of appealability because Winn has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Feb 5, 2018
DATE

UNITED STATES DISTRICT JUDGE